UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HENRY SANTIAGO,

    Plaintiff,

v.                                          CASE NO.: 21-CV-61424-WPD

MEDICREDIT, INC. d/b/a MEDICREDIT,

    Defendant.

_____/

**DEFENDANT'S MOTION TO STAY THIS CASE**

Defendant Medicredit, Inc. ("Medicredit") respectfully moves the Court to enter an order staying this case. As grounds for same, Medicredit states as follows:

**Memorandum of Law**

1.    Plaintiff Henry Santiago sued Medicredit for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. § 1692k, *et seq.*) and the Florida Consumer Collection Practices Act (the "FCCPA," Fla. Stat. Ann. § 559.55, *et seq.*). *See* ECF. No. 4-2. Plaintiff alleges Medicredit violated those laws by disclosing to third parties information about him or a debt he owed. *Id.* In particular, Plaintiff complains that Medicredit disclosed information about a him or a debt he owed to a letter vendor for the purpose of having that vendor generate a letter from Medicredit to the Plaintiff about the debt; that Medicredit disclosed

information about Plaintiff or his debt to another third party for the purpose of determining whether the debt was subject to any pending bankruptcy cases of which Medicredit needed to be aware before contacting Plaintiff about the debt; and that Medicredit disclosed information about Plaintiff or his debt for the purpose of determining accurate contact or location information about Plaintiff. *Id.* at ¶ 25.

2. Medicredit was served with process on July 1, 2021 and timely removed the case from state court. Medicredit's current deadline to answer or otherwise respond to Plaintiff's Complaint is July 22, 2021. *See* Fed. R. Civ. P. 81(c)(2)(B).

3. The Plaintiff's FDCPA count—premised on the notion that a debt collector's disclosures to its third-party service providers may constitute an unlawful third-party communication made in connection with the collection of any debt—is a brand new theory of FDCPA liability. In *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, a panel of the Eleventh Circuit Court of Appeals handed down the first-ever opinion holding that such disclosures, if proven, violate the FDCPA. 994 F.3d 1341, 1344 (11th Cir. 2021) (acknowledging matter was a "question of first impression").

4. In so doing, the Court acknowledged the likelihood that it is common for debt collectors to share information about debts and debtors with letter vendors for the purpose of having letters generated and sent, and also with other "third-party

entities" providing similar services. *Id.* at 1352. The Court further acknowledged that complying with its holding likely would require "great cost" and that "those costs may not purchase much in the way of 'real' consumer privacy" because third-party service providers like letter vendors would be unlikely to "read, care about, or abuse the information that debt collectors transmit to them." *Id.*

5. Because *Hunstein* was a case of first impression of potentially massive consequence to the industry, the defendant there petitioned on May 26, 2021 for panel rehearing or rehearing *en banc*, with over a dozen separate *amici* filing briefs in support of rehearing. Among the issues raised there is that the Bureau for Consumer Financial Protection (the "CFPB") now has promulgated regulations under the FDCPA anticipating—and implicitly approving—that debt collectors will communicate information about debtors and their debts to third-party service providers like letter vendors. Also important, after the *Hunstein* panel issued its decision the Supreme Court issued its opinion in *Ramirez v. Transunion LLC*, 141 S. Ct. 2190 (2021). In footnote 6 of *Ramirez*—an action under the Fair Credit Reporting Act—the Court rejected the Plaintiff's theory that transmission of information to third-party service providers constitutes publication of information sufficient to create a concrete harm. Taken together, the CFPB's rulemaking and the *Ramirez* opinion underscore that, contrary to the panel holding in *Hunstein*, the transmission

of information to third-party vendors—without more—is insufficient to show an invasion of privacy, under the FDCPA or otherwise.

6. Following the petition for rehearing and the submission of *amicus* briefs supporting rehearing, the Eleventh Circuit on June 14, 2021 entered an order withholding the issuance of the mandate in the appeal.

7. Under the Eleventh Circuit's Internal Operating Procedures relating to Fed. R. App. 35, the clerk shall withhold the mandate upon notice from any Eleventh Circuit judge for a poll to determine whether a case should be reheard *en banc*. And, under Eleventh Circuit Rule 41-1(d), "the effect of granting a petition for rehearing en banc is to vacate the panel opinion and the corresponding judgment."

8. Based on the foregoing facts and circumstances, Medicredit submits that it is likely *Hunstein* will be reheard *en banc* and, further, that as a consequence the original panel opinion will be vacated.

9. Staying this case until such time as the petition for rehearing *en banc* is denied or until *Hunstein* is re-heard *en banc* and a new opinion issued will conserve resources and provide the Court and the parties' invaluable guidance on a controlling and dispositive question of law. Medicredit therefore requests that the Court stay this action until such time as the Eleventh Circuit has issued its mandate in *Hunstein*.

10. In making this request, Medicredit acknowledges that while the outcome in *Hunstein* may inform how to resolve Plaintiff's FCCPA count, it will not

be dispositive of that issue. Medicredit intends to move to dismiss the FCCPA count for failure to state a claim upon which relief can be granted. But, Medicredit submits that addressing both the FCCPA count and the FDCPA count together—with the benefit of such additional guidance as the Eleventh Circuit may supply in *Hunstein*—makes the most sense.

11. Medicredit also acknowledges that this Court has denied at least one similar request for a stay. *See Durling v. Credit Corp. Solutions, Inc.*, Case no. 21-61002-CIV-SMITH (doc. #24), a copy of which is attached as <u>Exhibit A</u>. Medicredit concedes that this Court would not abuse its discretion by denying the relief requested here but submits that the entry of the relief requested is well within the Court's discretion. Medicredit submits some of the factors considered by the *Durling* Court are not applicable here or are entitled to less weight than the *Durling* Court placed on them:

> a. Proceeding with this case in light of the uncertainty following *Hunstein* does indeed constitute hardship or inequity. Plaintiff here will no doubt seek discovery into each and every vendor Medicredit has used in connection with this account. Indeed, Plaintiff recently served extraordinarily broad discovery requests seeking, for instance, disclosure of "all third-party vendors used by Defendant in the operation and normal course of Defendant organization within

the last two (2) years;" "copies of all agreements and/or contracts with all vendors;" "copies of all communications regarding and/or involving the use of vendors;" and "copies of all communications discussing, involving, or related to <u>Hunstein v. Preferred Collection & Mgmt. Servs.</u>" This discovery is extraordinary on its face and admits of no meaningful boundaries. For instance, if Medicredit communicated internally by email about the account, is its email hosting vendor a third party who wrongly received the information? What about the internet service provider of Medicredit or its vendors? In fact, even the ISP of those Medicredit is expressly allowed by statute to communicate with potentially comes into play. In short, the expansive, disruptive *Hunstein* holding potentially opens the door to invasive, time-consuming and expensive discovery that may, ultimately, prove futile.

b. Conversely, the harm to Plaintiff in staying the case is minimal. The *Durling* Court considered that a stay may prejudice Plaintiff "as witness' memories fade, documents are lost, and Defendant's allegedly illegal conduct continues." In fact, however, there is little to no risk of lost evidence. Medicredit has notice of the case and so is preserving evidence in accordance with its obligation to do so.

Moreover, the alleged misconduct at issue is the disclosure of information to third parties—something that is documented and need not rest on witness' memories. Further, any invasion of the Plaintiff's privacy that may have occurred now is completed, so there is no risk of immediate further harm that requires a rushed disposition of this matter.

c. The *Durling* Court considered that the case would need to be stayed pending a new opinion in *Hunstein*. While Medicredit agrees that would make the most sense, it is not strictly necessary. As noted, under Eleventh Circuit rules the grant of rehearing *en banc* itself would serve to vacate the panel opinion, enabling this Court to determine the issue on a blank slate with the guidance at least of the CFPB's rulemaking and the Supreme Court's *Ramirez* decision.

12. In the alternative, Medicredit has by separate requested an extension of time to answer or otherwise respond to the Complaint. This lesser relief would at least afford the parties some chance to receive further guidance from the Eleventh Circuit—even if it is only a determination of whether the case will be reheard—before embarking on pre-answer motion practice. Medicredit seeks this relief by separate motion as Plaintiff does not oppose same.

WHEREFORE, Medicredit, Inc. respectfully requests that the Court stay this case until such time as the mandate issues in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, Eleventh Cir. No. 19-14434 or grant such other or alternative relief as the Court deems just and appropriate.

## Local Rule 7.1(a)(1)(3) Certification

The undersigned certifies that he conferred with Plaintiff's counsel via telephone on July 15, 2021, and Plaintiff opposes the relief requested herein.

Respectfully submitted,

/s/ *Drew P. O'Malley*
Drew P. O'Malley
Florida Bar No. 106551
SPENCER FANE LLP
201 North Franklin Street, Suite 2150
Tampa, FL  33602
Phone:  813-424-3500
Facsimile:  813-405-8904
domalley@spencerfane.com
rhardy@spencerfane.com
ecoutu@spencerfane.com

*Counsel for Medicredit, Inc.*

SL 5046986.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2021, I electronically filed the foregoing through the Court's CM/ECF system, to:

JIBRAEL S. HINDI, ESQUIRE
THOMAS J. PATTI, ESQUIRE
The Law Offices of Jibrael S. Hindi
110 SE 6th St., Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

                                                   /s/ *Drew P. O'Malley*
                                                   Attorney